UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

ERIK PALMER,

    Petitioner,

    v.

WARDEN CRYSTAL CARTER,

    Respondent.

Civil Action No. TDC-20-2918

## MEMORANDUM ORDER

Petitioner Erik Palmer, a federal prisoner presently confined at the Federal Correctional Institution in Cumberland, Maryland ("FCI-Cumberland"), has filed a self-represented Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 in which he asserts that the Federal Bureau of Prisons ("BOP") has miscalculated his sentence. Respondent filed an Answer. At the request of the Court, Respondent filed a Supplemental Answer. 10/3/22 Order at 1-2, ECF No. 7. Although notified of his right to do so, Palmer has not filed a Reply to either Answer. Upon review of the submitted materials, the Court finds that no hearing is necessary. D. Md. Local R. 105.6. For the reasons set forth below, the Petition will be GRANTED IN PART and DENIED IN PART.

## BACKGROUND

Palmer is presently serving a 120-month sentence imposed on September 25, 2018 after his conviction in the United States District Court for the Middle District of Pennsylvania for distribution of heroin, in violation of 21 U.S.C. § 841(a)(1). In the Petition, Palmer challenges the manner in which the BOP has calculated credits for time served in custody prior to his designation

to a BOP facility, which impacts his release date. Specifically, Palmer claims that he has been improperly denied prior custody credit for the time period from April 1, 2016 to December 1, 2016.

Respondent has submitted a declaration from Deborah Colston, a Management Analyst at the BOP Designation and Sentence Computation Center, accompanied by supporting documentation. According to Colston, in computing his sentence, the BOP awarded Palmer prior custody credit for the periods of January 21, 2016 through January 26, 2016; April 1, 2016 through April 3, 2016; and January 10, 2017 through September 24, 2018. He was not awarded custody credit for the period of April 3, 2016 to December 1, 2016 because the BOP concluded that the time had been credited toward a separate state sentence.

As to that time period, on April 1, 2016, Palmer was arrested and charged in a Pennsylvania state court, in Case No. 22-CR-2441-2016, with possession with the intent to manufacture and deliver heroin and related offenses. Palmer remained in custody until the state entered *nolle prosequi* on the charges on December 9, 2016. At the same time, however, from April 4, 2016 through January 9, 2017, Palmer was incarcerated on a separate state case, No. 22-CR-4919-2015, on the charge of recklessly endangering another person. On January 9, 2017, Palmer was sentenced to four to eight months of imprisonment and given credit on that sentence for 281 days of time served, from April 4, 2016 to January 9, 2017. Because that period was credited to a state sentence in another case, Palmer was not given prior custody credit toward his federal sentence for that time.

When BOP computed Palmer's federal sentence after his September 2018 federal sentencing, BOP gave Palmer credit for his time in custody between April 1, 2016 and April 3, 2016 because it related to a state charge that did not result in a conviction and was not credited toward any other state sentence.

2

On December 11, 2019, Palmer filed Administrative Remedy ID No. 999886–F1 ("the AR") at FCI-Cumberland to challenge the calculation. The Warden denied the AR and closed the matter on December 23, 2019. On January 21, 2020, Palmer filed an appeal to the BOP Mid-Atlantic Regional Office, which denied the appeal on February 14, 2020. Palmer asserts that he also filed an appeal to the General Counsel of the BOP on January 21, 2020. However, the BOP has no record of any appeal to the General Counsel. In its Supplemental Answer, BOP concedes that on December 7, 2020, Palmer filed a belated appeal to the General Counsel, which was rejected as untimely on January 1, 2021.

## DISCUSSION

In the Answer to the Petition, Respondent asserted that the Petition should be dismissed because Palmer failed to exhaust administrative remedies and because the BOP properly calculated Palmer's prior custody credits. However, when the Court asked Respondent to include in its Supplemental Answer additional information in support of its exhaustion argument, Respondent revised its position and stated that it does not object to consideration of the merits in this case. The Court accordingly need not address the exhaustion issue.

On the merits, the Court finds that, upon review of the submitted materials, the BOP correctly declined to award credit to Palmer for time served on the Pennsylvania state sentence in Case No. 22-CR-4919-2015 on the charge of recklessly endangering another person. *See* 18 U.S.C. § 3585(b)(2) ("A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences . . . as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed . . . that has not been credited against another sentence."). However, the BOP's determination that the state sentence

3

encompassed the entire 281-day period from April 4, 2016 through January 9, 2017 was incorrect. Although Respondent has asserted that the sentence on that charge was to time served, a review of the record of that conviction reveals that the sentence was actually to four to eight months of imprisonment, with a maximum sentence of eight months. Answer Ex. 5 at 1–2, ECF No. 6. Although the record reflects that the state court gave him credit for 281 days of time served, only eight months, or approximately 244 days, could actually have been credited toward that sentence. In its Supplemental Answer, Respondent reported that in light of the Court identifying the issue in its October 3, 2022 Order, the BOP has agreed to give Palmer credit for the 38-day period that was not actually credited to the state sentence. The Petition will therefore be granted in that, to the extent that it has not already done so, the BOP will be required to give Palmer credit for an additional 38 days of custody credit beyond the credits granted as of the date of the filing of the Petition. The Petition will be denied as to any additional credits.

## CONCLUSION

For the foregoing reasons, it is hereby ORDERED that:

1. The Petition for a Writ of Habeas Corpus is GRANTED IN PART and DENIED IN PART. The Petition is granted in that the BOP is required to give Palmer custody credit for the 38-day period from December 3, 2016 to January 9, 2017. The Petition is otherwise denied.

2. The Clerk shall send a copy of this Memorandum Order to Palmer and shall close this case.

Date: November 30, 2022

THEODORE D. CHUANG
United States District Judge

4